## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICTOR OMAR PORTUGUÉS SANTA<br><br>Plaintiff<br><br>v.<br><br>REKOMDIV INT'L, INC. D/B/A REKOM INVESTMENT GROUP; RICHARD DOMINGO IN HIS PERSONAL CAPACITY AND IN REPRESETATION OF THE CONJUGAL PARTNERSHIP COMPOSED WITH JANE ROE, AND AS VICE-PRESIDENT OF REKOMDIV INT'L, INC.; JAVIER SALDAÑA IN HIS PERSONAL CAPACITY AND IN REPRESETATION OF THE CONJUGAL PARTNERSHIP COMPOSED WITH JANE DOE, AND AS VICE PRESIDENT FOR BUSINESS DEVELOPMENT AND MARKETING OF REKOMDIV INT'L, INC.;<br>Defendants. | CIVIL NO. 07- 01103 (JAG)<br><br>RE: TORT, FRAUD, DECEIT, FALSE REPRESENTATION BREACH OF CONTRACT<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |



## VERIFIED COMPLAINT

**TO THE HONORABLE COURT:**

   **COMES NOW**, Plaintiff, Víctor Omar Portugués Santa, represented

through his undersigned attorney and very respectfully requests, states and

prays:

### I.   JURISDICTION AND VENUE

   1.   Original jurisdiction over all the causes of action is vested in

this Court by virtue of 28 U.S.C.S. § 1332.

1

2.     Plaintiff is a resident of the Commonwealth of Puerto Rico.

3.     The contract *per se*, constitutes in part, an endeavor for doing business in Puerto Rico, specifically for assisting Plaintiff in obtaining a Victoria's Secret franchise in Puerto Rico.

4.     No presence of "choice of law" provision making the forum state's law to be used in the lawsuit is present in the parties' agreement. The law of the forum to be applied is P.R. Laws Ann. Tit 31 §§ 5141 and 3081.

5.     The verbal contract's terms and payment for the so called "services rendered" were obtained by Defendants by means of fraud, undue influence, and overweening bargaining power.

6.     This Court has and is invested with pendent and supplementary jurisdiction to deal with intimately related state claims, inasmuch as there is jurisdiction under title 15 U.S.C.A. for pendant state claims.  It is also a matter of judicial economy to deal with all closely related matters steaming from a common nucleus of facts in one forum.

7.     Supplemental Jurisdiction can also be exercised under 28 U.S.C.A. § 1367. This Court may exercise supplemental jurisdiction under P.R. Laws Ann. Tit 31 § 3018.

8.     Supplemental Jurisdiction can also be exercised under 28 U.S.C.A. § 1367. This Court may exercise supplemental jurisdiction under P.R. Laws Ann. Tit 31 §§ 5141 and 3081.

## II. THE PARTIES

**PLAINTIFF:**

8.    Víctor Omar Portugués Santa, is a resident and domiciliary of the Commonwealth of Puerto Rico who has been fraudulently influenced and induced in order to pay great amounts of money in exchange of supposed assistance in obtaining a franchise that was not currently obtainable for Puerto Rico, and for Plaintiff.

**DEFENDANTS:**

9.    Rekomdiv Int'l, Inc. DBA, Rekom Investment Group (herein referred as Rekomdiv Int'l, Inc.) is a corporation organized under the laws of a place other than the Commonwealth of Puerto Rico; with offices in 109 South Fairfax St., Suite "A", Old Town, Alexandria, VA 22314-3301 and with phone number (202) 550-0134. Rekomdiv Int'l, Inc. represented to Plaintiff that worked for franchise acquisitions and that one of the company's agreements was to secure the services of additional expert consultants to gather vital information and provide the necessary training for Plaintiff or his assignee.

   a) Rekomdiv Int'l, Inc. entered into an agreement with Plaintiff of services which were never provided and charged fraudulently Plaintiff for same.

   10.    Richard Domingo in his personal capacity and in representation

of the conjugal partnership composed with Jane Roe, and as Vice-president

of Rekomdiv Int'l, Inc. Richard Domingo is a resident and domiciliary of a

place other than the Commonwealth of Puerto Rico.

a) Richard Domingo committed *ultra vires* acts consisting of false
representations, false promises and/or breach of contract;

b) Domingo's acts and misleading information induced Plaintiff to
contract with the corporation in order to acquire multiple projects for
Puerto Rico and Latin America.

11.    Javier Saldaña in his personal capacity and in representation of

the conjugal partnership composed with Jane Doe, and as Vice-president for

business development and marketing of Rekomdiv Int'l, Inc. Javier Saldaña

is a resident and domiciliary of a place other than the Commonwealth of

Puerto Rico.

a) Javier Saldaña committed *ultra vires* acts consisting of false
representations, false promises and/or breach of contract;

b) Saldaña's acts were fraudulent and continuous false representations
induced Plaintiff to contract with the corporation in order to acquire
multiple projects for Puerto Rico and Latin America.

12.    All Defendants by means of false statements attempted to

deceive Plaintiff into providing additional payment.

13.    "A Insurance Company" is an insurance company incorporated

4

under the laws of a place other than the Commonwealth of Puerto Rico which has sued a policy to cover some or all of the risks and/or liabilities and/or occurrences incurred by Rekomdiv Int'l, Inc. and/or mentioned in this complaint.

14. "B Insurance Company" is an insurance company incorporated under the laws of the State of Virginia, USA or elsewhere, which has sued a policy to cover some or all of the risks and/or liabilities and/or occurrences incurred by Rekomdiv Int'l, Inc. and/or mentioned in this complaint.

15. "C Insurance Company" is an insurance company incorporated under the laws of a place other than the Commonwealth of Puerto Rico which has sued a policy to cover some or all of the risks and/or liabilities and/or occurrences incurred by Richard Domingo personally or in representation of the conjugal partnership composed with Jane Roe. and/or mentioned in this complaint.

16. "D Insurance Company" is an insurance company incorporated under the laws of the State of Virginia, USA or elsewhere, which has sued a policy to cover some or all of the risks and/or liabilities and/or occurrences incurred by Richard Domingo personally or in representation of the conjugal partnership composed with Jane Roe.

17. "E Insurance Company" is an insurance company incorporated under the laws of the State of Virginia, USA or elsewhere, which has sued a

policy to cover some or all of the risks and/or liabilities and/or occurrences incurred by Richard Domingo in his capacity as Vice-president of Rekomdiv Int'l., Inc.

18.   "F Insurance Company" is an insurance company incorporated under the laws of a place other than the Commonwealth of Puerto Rico or elsewhere, which has sued a policy to cover some or all of the risks and/or liabilities and/or occurrences incurred by Javier Saldaña personally or in representation of the conjugal partnership composed with Jane Roe. and/or mentioned in this complaint.

19.   "G Insurance Company" is an insurance company incorporated under the laws of the State of Virginia, USA or elsewhere, which has sued a policy to cover some or all of the risks and/or liabilities and/or occurrences incurred by Javier Saldaña personally or in representation of the conjugal partnership composed with Jane Roe.

20.   "H Insurance Company" is an insurance company incorporated under the laws of a place other that the Commonwealth of Puerto Rico or the State of Virginia, USA or elsewhere, which has sued a policy to cover some or all of the risks and/or liabilities and/or occurrences incurred by Javier Saldaña in his capacity as Vice-president of business development and marketing of Rekomdiv Int'l., Inc.

### III. FACTUAL VERSION

21.    During the end of 2005, Mr. Javier Saldaña, Rekomdiv Int'l,

Inc.'s Vice-president for business development and marketing, contacted

Plaintiff to inform him that he was working in a new company in

Washington D.C. that was pursuing new businesses in Latin America.

22.    During a trip to Washington D.C., on or about January 15th,

2006, Plaintiff expressed to Mr. Richard Domingo, Rekomdiv Int'l Inc.'s

Vice-President, his interest in obtaining recognized brand names for Puerto

Rico and Latin America territories, particularly, Victoria's Secret.

23.    Mr. Domingo advised Plaintiff that he was going to make

several phone calls regarding the Victoria's Secret franchise.

24.    Approximately on January 21st, 2006, Mr. Saldaña contacted

Plaintiff and informed him that Victoria's Secret project was very viable.

25.    On January 25th, 2006 Rekomdiv Int'l, Inc. sent a letter to

Plaintiff expressing that they could enter into an agreement together with

Venable LLP to obtain the Victoria's Secret franchise and other brand names

for Puerto Rico.

26.    On January 31st, 2006 Plaintiff flew to Washington D.C. and

met part of the board of directors of Venable LLP.  Venable LLP offered

Plaintiff to be his counsel and together with Rekomdiv Int'l, Inc. with which

it allegedly had a very close relationship, acquire Victoria's Secret franchise for Puerto Rico.

27.     Plaintiff signed a contract with Venable LLP on February 1st, 2006 (herein referred as the Agreement), in the amount of $400,000.00 and forward additional funds in the amount of $100,000.00 which apparently were sent to Rekomdiv, Int'l., Inc.  On this day Plaintiff wire transferred $500,000.00.

28.     Plaintiff kept in contact with Mr. Saldaña during various months and finally Rekomdiv Int'l, Inc. informed that the Victoria's Secret project needed investors.  Plaintiff decided to approach various persons to invest in the Victoria's Secret project, and obtain at least one investor with great experience in the retail market.

29.     Also, Plaintiff was left to believe by Rekomdiv Int'l, Inc. and other Defendants would also acquire the Mexico and Latin America territories for Victoria's Secret franchise.

30.     Plaintiff was at all times assured that it was a virtual certainty that the franchise would be obtained for Puerto Rico.

31.     On approximately April 24th, 2006, Plaintiff was invited to Washington D.C. by Rekomdiv Int'l Inc. and Venable LLP, in order to present him with the executive summary of Victoria's Secret franchise. The same was not presented.

32.    No franchise was obtained by Rekomdiv Int'l, Inc.

33.    At a point in time after funds had been wired and commitments met by Plaintiff, Plaintiff was told he needed a $100 Million base or equity to obtain the franchise.

34.    Rekomdiv Int'l, Inc. was always aware that Plaintiff did not have such a large economic economical potential or net worth.

35.    On or about two weeks later, Mr. Saldaña expressed that they could get to Plaintiff investors for the Victoria's Secret project.

36.    No investors were ever obtained for the Victoria's Secret project.

37.    In fact, when Plaintiff provided a wealthy Mexican investor, the investor was maltreated by Rekomdiv Int'l, Inc., Venable LLP and other Defendants.



38.    During various months, Plaintiff asked Rekomdiv at numerous times about the financial information of Victoria's Secret franchise in order to analyze the business, but in the communications nothing was said or set in writing.

39.    By this time, Rekomdiv Int'l, Inc. informed Plaintiff that in order to acquire the Victoria's Secret franchise he needed to have retail experience; a requirement that was not established in the contract or was told to Plaintiff before he paid the deposit.

40.     Rekomdiv Int'l, Inc. proposed Plaintiff to acquire MANGO, a retail clothing line from Spain.  Plaintiff informed Defendants that this brand was in use in Plaza Las Americas and it was not viable to acquire this franchise.

41.     Defendants informed that after opening the MANGO store, Plaintiff prove Victoria's Secret that he could manage a retail business, there would be no problems in obtaining the Victoria's Secret franchise.

42.     Rekomdiv Int'l, Inc. changed unilaterally Plaintiff's petition for a Victoria's Secret franchise and also, requested additional money for "supplementary services". On May 23rd, 2006, Rekomdiv Int'l Inc. sent a written communication to Plaintiff requesting that "additional services [to be] rendered by Rekomdiv Int'l, Inc." in the amount of $125,000. in order to prepare Michelle Arce as the new management leader. *See* **Exhibit A**

43.     Michelle Arce was never prepared by Rekomdiv Int'l, Inc.

44.     High pressure tactics were used by Defendants in order to obtain the wire transfer to Rekomdiv, Int'l, Inc.  On June 30, 2006 Plaintiff sent by wire transfer the additional amount of $125,000. to Rekomdiv Int'l, Inc. *See* **Exhibit B**

45.     No training or preparation regarding same were ever crystallized, even though, Plaintiff sent the money as requested in order to

finally get the supposed requirements of the Victoria's Secret franchise satisfied.

46.    On November 14th, 2006 Plaintiff received a copy of an Invoice from Defendants in the amount of $92,459.80 for services never rendered to Zen Spa Group.  These services were unauthorized by Plaintiff and/or Zen Spa Group, and for an unrelated matter.

47.    On November 27th, 2006 Zen Spa Group sent a communication through his counsel to Rekomdiv Int'l, Inc., formally requesting an explanation for the billing of specifically unauthorized services.

48.    No accounting has been received today.  In exchange, Plaintiff requested the return of all moneys sent to Rekomdiv Int'l, Inc.



49.    The amount sent had not been returned today.

### FIRST CAUSE OF ACTION

(All previous paragraphs are hereby incorporated by reference.)

50.    Javier Saldaña, Vice-president for business development and marketing of Rekomdiv Int'l, Inc.'s acts were based on malice and fraud.

51.    Mr. Saldaña made continuous false representations to Plaintiff regarding the acquisition of multiple projects for Puerto Rico and Latin America.

52.     Plaintiff explained to Mr. Saldaña that his interest was centered on making his business international and in acquiring the Victoria's Secret franchise for Puerto Rico and Latin America.

53.     Mr. Saldaña, only after obtaining the deposit, informed Plaintiff that additional requirements existed.

54.     Defendants required Plaintiff without a formal petition and/or explanation of the services to be rendered to pay the retainer fee.  Mr. Saldaña explained that "the amount submitted will go toward those persons who will be hired to prepare her, including Richard" (referring to Rekomdiv Int'l, Inc. Vice-president).



55.     Later, the requested additional amount of money was under the sham that same was for "additional services to be rendered by Rekomdiv Int'l, Inc." in order to prepare Michelle Arce as the new management leader for the Victoria's Secret franchise request.

56.     No such preparation occurred.

57.     Due to the fact that Plaintiff paid the total amount of $225,000. (by information and belief $100,000. apparently sent to Rekomdiv, Int'l., Inc. from the amount paid to Venable LLP, and the other $125,000. for additional services rendered) in order to commence Rekomdiv Int'l, Inc.'s assistance in obtaining the Victoria's Secret franchise, that payment was conditioned on the subsequent fulfillment of the contract and because

defendant wholly defaulted and gave nothing in return, it is obligated to repay the full amounts received, plus interest and damages.

58.     Co-defendants without an authorization negotiated another franchise, Mango. Again, under high pressure tactics, Defendants induced Plaintiff to write a letter in accordance with Defendants' "game plan" regarding Mango.

59.     Co-defendants induced Plaintiff to understand that if he did not proceed with the Mango project he could not request to fund Victoria's Secret because in short "they are going to think if you can't fund a project like Mango's, then there is no way in the world you will be able to fund Victoria's Secret which will be at much greater scale". "Getting you started with Mango's are steps calculated to lead to the successful launch of Victoria's Secret in Puerto Rico".



60.     All Defendants committed fraud in the inducement consisting of inducing Plaintiff to enter into negotiations which defendants intended as a sham.

61.     Plaintiff, per Defendants' instructions, also filed out on March 31st, 2006 a form in order to comply with the terms and provisions of receiving an offer of a franchise of the company Texdis USA/Distex. *See* **Exhibit C**. Plaintiff has no interest in such company but filled the same under Defendants' instructions.

62.     Plaintiff's complaint is for deceit by false representations and breach of contract.  Plaintiff was induced to enter into a contract and all the evidence intends to establish fraud and is directed to the proof of that specific misrepresentation.

63.     Defendant is guilty of deceit, with a design to deprive the plaintiff of profit or advantage, and to acquire for itself the amount of $225,000.

64.     Loss and damage has resulted from Defendants' herein stated actions.

65.     Plaintiff, who was a consultant in the local market for new business ventures, has been hindered in his trade and induced to pay in order to purchase a Victoria's Secret franchise, by a series of false representations made by the Defendants.

66.     Defendants knew, or should have known that the franchise of Victoria's Secret had been denied to the Fonalledas family and/or their entities.

67.     Plaintiff has suffered injury due to the lack of use of funds.

68.     Defendants and Victoria's Secret fraudulent misrepresentations regarding the existence of a relation between the parties, and the circumstances of the contract, imposed upon the Defendants the legal obligation of making certain disclosures, in respect to their labor in assisting

plaintiff in obtaining a Victoria Secret franchise, joint venture or business opportunity in Puerto Rico.

69.     Defendants should have known *ab initio* that such a Victoria's Secret franchise was impossible.

70.     Defendants knew that their obligation under the agreement was materially false or misleading and Defendants obtained Plaintiff's consent through deceptive means.

71.     Plaintiff understands that the herein stated specific facts gave rise to a strong inference of Defendants' fraudulent intentions.

72.     The facts in all allegations, taken as truthful and making all inferences in favor of Plaintiff, reveal that in every sustained communication between Plaintiff and Defendants, Plaintiff was induced by Defendants to understand that they would obtain in time for Plaintiff, the Victoria's Secret franchise or business opportunity in Puerto Rico and Latin America.

73.     Defendants represented to Plaintiff that the legal firm of Venable, LLP, had a substantial power to obtain same due to intimacy and influence with The Limited, the parent of Victoria's Secret and it's U.S management group.

74.     These false representations and "insidious machinations" induced Plaintiff to pay Rekomdiv Int'l, Inc.'s fee, as well as Venable LLP's.

75.    Rekomdiv Int'l, Inc. is additionally liable for any loss sustained in paying Venable LLP.

76.    Defendants purposefully established minimum contacts within the present forum.

77.    Defendants use mail, wire and other interstate commerce to perpetrate the fraud.

78.    Plaintiff's lost business opportunities and/or money investments in other projects due to Defendants' fraudulent actions and inducement to pay services in order to obtain the Victoria's Secret franchise.

79.    Plaintiff damages under the present cause of action are estimated in the amount of $2,000,000.



### SECOND CAUSE OF ACTION

(All previous paragraphs are hereby incorporated by reference.)

80.    This Honorable Court can exercise its jurisdiction over the present cause of action under 28 U.S.C.A. § 1367. This Court may exercise supplemental jurisdiction under P.R. Laws Ann. Tit 31 §§ 5141 and 3081.

81.    Defendants and Plaintiff entered in a verbal contract when Defendants during the end of 2005 contacted Plaintiff and informed him that he was working in a new company in Washington D.C. that was pursuing new businesses in Latin America, and Plaintiff expressed he will use their assistance in obtaining a Victoria's Secret franchise.

82.     Rekomdiv Int'l, Inc. informed Plaintiff that Victoria's Secret project was very viable.

83.     On January 25th, 2006 Rekomdiv Int'l, Inc. sent a letter to Plaintiff expressing that they could enter into an agreement together with Venable LLP to obtain the Victoria's Secret franchise and other brand names for Puerto Rico.

84.     On January 31st, 2006 Plaintiff flew to Washington D.C. and met part of the board of directors of Venable LLP.  Venable LLP offered Plaintiff to be his counsel, and together with Rekomdiv Int'l, Inc. with which it allegedly had a very close relationship, acquire Victoria's Secret franchise for Puerto Rico.



85.     Plaintiff signed a contract with Venable LLP as Rekomdiv Int'l, Inc.'s suggestion in order to assist with the legal work to obtain the Victoria's Secret franchise.  Plaintiff was fraudulently induced to sign this contract inasmuch as the indicated Venable LLP and Birch Byah will suffice to obtain the contract.

86.     Plaintiff signed the referred contract with Venable LLP on February 1st, 2006 (herein referred as the Agreement), in the amount of $400,000.00 and another one with Rekomdiv Int'l, Inc. in the amount of $100,000.00.  On this day Plaintiff wire transferred $500,000.00.

87.     No franchise was obtained by Rekomdiv Int'l, Inc.

88.     No relevant services were ever rendered by Rekomdiv Int'l, Inc.

89.     Defendants breached both of the referred contracted obligations.

90.     In the case at hand, Plaintiff invokes fraud and breach of contract.

91.     Under breach of contract Plaintiff elects to receive the return of all moneys and damages.

92.     Defendants are responsible *in solido* to Plaintiff in an amount no less that $2,000,000. for failure to comply with the contracted obligations, and for the return of the moneys received by them, as well as the funds which Plaintiff was fraudulently induced to pay to Venable LLP.



### THIRD CAUSE OF ACTION

(All previous paragraphs are hereby incorporated by reference.)

93.     This Honorable Court can exercise its jurisdiction over the present cause of action under 28 U.S.C.A. § 1367. This Court may exercise supplemental jurisdiction under P.R. Laws Ann. Tit 31 § 3018.

94.     Under Puerto Rico's contract law, Plaintiff as an affected contracting party by means of Defendants fraudulent representations can claim an action commonly referred to as "dolo" or deceit.

95.     Defendants obtained the contract with Plaintiff fraudulently.

96.    Defendants obtained Plaintiff's consent through deceptive means.

97.    Defendants' "performance" of the contractual obligation was with the knowledge and intention, through deceitful means of avoiding complying with same.

98.    Defendants pattern involved a misrepresentation of factual facts about the so called "meetings with the bosses" in order to work out the preparation of Plaintiff to obtain the Victoria's Secret franchise.

99.    Rekomdiv Int'l, Inc. represented to Plaintiff it worked in the area of franchise acquisitions.

100.    Rekomdiv Int'l, Inc. represented to Plaintiff that "the company's management team for franchise acquisitions would to secure the services of additional expert consultants to gather vital information and provide the necessary training" for Plaintiff or his assignee.



101.   a)    Rekomdiv Int'l, Inc.'s representatives' fraudulent acts and false inducement consisted in stating that the Victoria's Secret franchise could be brought to Puerto Rico for Plaintiff.

b)    Plaintiff was provided with misleading information, including a statement that Victoria's Secret was interest in his proposal.

c)    Plaintiff was induced by Defendants to believe that the corporation would acquire the Victoria's Secret franchise multiple projects

for Puerto Rico and Latin America.  It is clear that also, deceit ("dolo") is present and that defendants respond to Plaintiff *in solido* for their actions in an amount no less than $500,000.

**WHEREFORE**, Plaintiff requests this Honorable Court for judgment as follows:

A)      Plaintiff loss of business opportunities and/or money investments in other projects due to Defendants fraudulent actions in order to induce Plaintiff to pay services for the acquisition of the Victoria's Secret franchise for Puerto Rico and Latin America, is estimated in an amount no less than $2,000,000.;



B)      The devolution of the amount paid to Rekomdiv Int'l, Inc. or under it's instructions plus daily accrued interest and damages due to Defendants breach of contract is estimated in an amount no less than $2,000,000.;

C)      Plaintiff's loss due to Defendants' inducement with deceit ("dolo") to believe that the corporation would acquire the Victoria's Secret franchise for Puerto Rico and Latin America for Plaintiff is estimated in an amount no less than $500,000;

D)      Legal fees and costs.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 6th day of February 2007.

**RALPH VALLONE, JR.**
**ATTORNEY FOR PLAINTIFF**
**USDC NO. 117806**
**1319 ASHFORD AVE.**
**SON SID COND., SUITE 1**
**SANTURCE, P. R. 00907**
**TEL.: (787) 723-9393**
**FAX : (787)723-9251**
rv@rvallonelawoffice.com

## STATEMENT UNDER PENALTY OF PERJURY

I, Víctor Omar Portugués Santa, under penalty of perjury, hereby

attest that we have read the foregoing Verified Complaint and that the facts

alleged there are true, to the best of our knowledge.

**VICTOR OMAR PORTUGUES SANTA**