# United States Court of Appeals
## For the First Circuit

No.  10-2018

VICTOR OMAR PORTUGUES-SANTANA,

Plantiff, Appellee,

v.

REKOMDIV INTERNATIONAL and RICHARD DOMINGO,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpi, U.S. District Judge]

Before

Boudin, Selya, and Dyk,* Circuit Judges.

Joseph H. Reinhardt, for appellants.
Ralph Vallone, Jr., for appellee.

September 22, 2011

---

*Of the Federal Circuit, sitting by designation.

DYK, **Circuit Judge.**   Rekomdiv International, Inc. ("Rekomdiv") and Richard Domingo (collectively "defendants") appeal from a district court judgment. Portugues-Santana v. Rekomdiv Int'l, Inc., No. 07-1103 (D.P.R. Apr. 28, 2010).   The district court awarded damages against the defendants in the amount of $625,000 based on a jury verdict finding the defendants liable for "dolo" (i.e., fraud).   We affirm-in-part and remand for further proceedings consistent with this opinion.

I.

We recite the facts in the light most favorable to the verdict.   See Ramos v. Davis & Geck, Inc., 167 F.3d 727, 731 (1st Cir. 1999).

Victor Omar Portugues-Santana ("Portugues") wished to open a Victoria's Secret franchise in Puerto Rico and sought assistance in establishing a relationship with Victoria's Secret from defendant Domingo, who was employed by defendant Rekomdiv. Domingo in turn recommended that Portugues work with former Senator Birch Bayh, a partner at Venable, LLP, to assist Portugues in establishing a business relationship with Victoria's Secret. Domingo explained to Portugues that Bayh "had successfully achieved a Victoria's Secret franchise for the Philippines," Trial Transcript at 43, Portugues-Santana v. Rekomdiv Int'l, Inc., No. 07-103 (D.P.R. Sept. 7, 2010), ECF No. 162, and that "Victoria's Secret owed many favors to [Bayh]" so "this was, for all purposes,

-2-

a done deal," id. at 56.

Domingo informed Portugues that he "must retain Venable" before the firm would be able to "help him or assist him in getting [a] Victoria's Secret [franchise]." J.A. 138. Domingo also made clear that Portugues must hire Rekomdiv, in addition to Venable, in order to complete the deal. Portugues testified that, during this time period, Domingo repeatedly represented to him that obtaining the Victoria's Secret franchise was a "done deal." Portugues also testified that he relied on Domingo's representations when he entered into retainer agreements with Venable and Rekomdiv. Portugues paid a $400,000 retainer fee to Venable and a $100,000 business broker's fee to Rekomdiv. In addition to the $100,000 business broker's fee, Portugues made another $125,000 payment to Rekomdiv. After entering into the retainer agreement, Venable sent an e-mail to Portugues informing him that a Victoria's Secret franchise was not available because Victoria's Secret did not use a franchise or distributor model, but assuring Portugues that Venable would explore other ways "to present [Portugues] as a worthy business partner for [Victoria's Secret] in Puerto Rico." App. Selected Tr. Ex. 3.

Portugues subsequently filed suit against Rekomdiv and Domingo alleging that Domingo's false representations as to the availability of a franchise fraudulently induced him to enter into retainer agreements with Venable and Rekomdiv. At the same time,

-3-

Portugues filed suit against Venable and Bayh, alleging breach of contract.  Portugues settled with Venable and Bayh before the suit against the defendants went to trial.  For simplicity in the remainder of this opinion, we refer to both Venable and Bayh as "Venable."  At trial, the district court held that no independent mention of the settlement agreement with Venable could be made by the defendants.

The jury returned a verdict in favor of Portugues, finding the defendants liable for dolo and assessing damages of $625,000.  The defendants filed a post-trial motion requesting judgment as a matter of law under Federal Rule of Civil Procedure 50, a new trial under Federal Rule of Civil Procedure 59, and an offset of the damages award by the amount of the Venable settlement.[1]  The district court denied this motion.  The defendants timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

II.

The defendants first argue that the district court's jury instruction on the issue of dolo was unfairly prejudicial and thus warrants a new trial.  Dolo can take two forms: (1) dolo in the

---

[1] Though the defendants use the term remittitur in arguing that The defendants argue that the damages award should be reduced by the amount of the Venable settlement, this practice is properly described as offsetting the damages award.  See, e.g., Villarini-Garcia v. Hospital del Maestro, 112 F.3d 5, 7-8 (1st Cir. 1997).

-4-

formation of contracts, and (2) dolo in the performance of contractual obligations. See, e.g., P.C.M.E. Commercial, S.E. v. Pace Membership Warehouse, Inc., 952 F. Supp. 84, 92 (D.P.R. 1997). Here, the defendants were found liable for dolo in the formation of contracts between Portugues and Rekomdiv and Venable. Dolo occurs where the "[w]rongful representations or omissions . . . affect[] the freedom of consent of one of the contracting parties." Ocaso, S.A., Compania De Seguros y Reaseguros v. P.R. Maritime Shipping Auth., 915 F. Supp. 1244, 1257 (D.P.R. 1996). The Puerto Rico Civil Code provides that no valid contract exists without "[t]he consent of the contracting parties," 31 L.P.R. § 3391, and "[c]onsent given by . . . deceit [is] void," Id. § 3404; see also id. § 3409.

Here, the district court instructed the jury that, in a civil case, "a Plaintiff must [prove] his claim by a preponderance of the evidence and any other requirements a particular claim may have." J.A. 213. With respect to the dolo claims, the court instructed that, "under Puerto Rico contract law, fraud that affects a contracting party is commonly referred to as 'dolo' or deceit," J.A. 214, and "[w]hile the standard of proof in civil cases . . . is preponderance of the evidence, in dolo cases the party alleging fraud has the burden of presenting evidence which is clear, solid, and convincing," J.A. 215. The court reiterated this instruction, stating that "the Plaintiff has to prove its case by

a preponderance of the evidence, but as to the dolo claim, that preponderance of the evidence and that evidence must be clear, solid, and convincing." J.A. 216. The defendants objected to this instruction at trial, arguing that "mixing the preponderance of the evidence [standard] with a strong, clear, and convincing [standard] could confuse the jury." J.A. 228. The court noted the objection, but concluded that, "because Puerto Rico law is somewhat conflicting," an explanation of both standards was warranted to ensure that the jury does not "go[ ] below the preponderance [standard]." Id.

The defendants maintain that the correct standard for dolo claims is strong, clear, and convincing evidence. Portugues, on the other hand, argues that the correct standard for dolo claims is preponderance of the evidence and that, if anything, the jury instruction given by the district court was too favorable to the defendants. We review claims of instructional error "under a two-tiered standard." United States v. Jadlowe, 628 F.3d 1, 14 (1st Cir. 2010). "[W]e consider de novo whether 'an instruction embodied an error of law,' but 'we review for abuse of discretion whether the instructions adequately explained the law or whether they tended to confuse or mislead the jury on the controlling issues.'" Id. (quoting United States v. Silva, 554 F.3d 13, 21 (1st Cir. 2009).

Although opinions of both this court and the federal

-6-

district court for the District of Puerto Rico recite the "strong, clear, and convincing" standard of proof for dolo claims, we conclude that these cases relied on outdated Puerto Rico Supreme Court cases and should no longer be followed.[2]   This line of outdated cases began in 1936 with <u>Texas Co. (P.R.) Inc.</u> v. <u>Estrada</u>, 50 P.R.R. 709, 713-14 (P.R. 1936), in which the Puerto Rico Supreme Court held that a party alleging dolo could meet its burden only with evidence that is "solid," "clear and convincing," and "unquestionable."  In <u>Monclova</u> v. <u>Financial Credit Corp.</u>, 83 P.R.R. 742, 747-48 (P.R. 1961), the Puerto Rico Supreme Court reaffirmed this standard, holding that a party alleging fraud must prove its existence with solid, clear, and convincing evidence.  Cases from this court and the federal district court for the District of Puerto Rico that recite the strong, clear, and convincing standard ultimately relied on <u>Monclova</u> or other federal cases.[3]

In 1982, the Puerto Rico Supreme Court made clear that it

---

[2] <u>See, e.g.</u>, <u>Puerto Rico Electric Power Auth.</u> v. <u>Action Refund</u>, 515 F.3d 57, 66-67 (1st Cir. 2009); <u>Prado Alvarez</u> v. <u>R.J. Reynolds Tobacco Co.</u>, 313 F. Supp. 2d 61, 76 (D.P.R. 2004); <u>F.C. Imports Inc.</u> v. <u>First Nat'l Bank</u>, 816 F. Supp. 78, 87 (D.P.R. 1993).

[3] For example, in <u>Puerto Rico Electric</u>, this court recited the "strong, clear, unchallengeable, convincing and conclusive" standard, citing two district court cases as authority. 515 F.3d at 67 (citing <u>Prado Alvarez</u>, 313 F. Supp. 2d at 77; <u>F.C. Imports</u>, 816 F. Supp. at 87).  Both of the district court cases cited in <u>Puerto Rico Electric</u> ultimately relied on <u>Monclova</u>.  <u>See</u> <u>Prado Alvarez</u>, 313 F. Supp. 2d at 77 (citing <u>F.C. Imports</u>, 816 F. Supp. at 87); <u>F.C. Imports</u>, 816 F. Supp. at 87 (citing <u>Monclova</u>, 83 P.R.R. at 747).

had abandoned the solid, clear, and convincing standard recited in
Texas Co. and Monclova in favor of the preponderance of the
evidence standard.  See De Jesus Diaz v. Carrero, 112 D.P.R. 631,
12 P.R. Offic. Trans. 786 (P.R. 1982).  In De Jesus Diaz, the court
stated:

> In Carrasquillo v. Lippitt & Simonpietri Inc.,
> 98 P.R.R. 646, 649 (P.R. 1970), and in Garcia Lopez v.
> Mendez Garcia, 102 D.P.R. 383, 386 (P.R. 1974), we
> abandoned the classification of 'solid,' 'clear and
> convincing,' and 'unquestionable' evidence set forth in
> Texas Co. . . . to note that the general rule that fraud
> is not presumed only means that the one affirming it must
> prove it with reasonable certainty, with preponderance of
> evidence that satisfies the trier's conscience.  In this
> way, the obstacle of requiring a higher degree of
> evidence, which served no other purpose but to give the
> agent of fraud a special protection other defendants do
> not have, was eliminated.

112 D.P.R. 631.

In cases decided after De Jesus Diaz, the Supreme Court
of Puerto Rico has uniformly held that a preponderance of the
evidence standard applies to claims of fraud.  See, e.g., Acosta v.
P.R. Bd. of Exam'rs of Eng'rs, 161 D.P.R. 696, 706-707 (P.R. 2004)
("Fraud is never presumed, but must be established by the party
alleging its existence 'with reasonable certainty, by preponderance
of evidence . . . .'"); Gonzalez Cruz v. Quintana Cortes, 145
D.P.R. 463, 471 (P.R. 1998) ("Some time ago we abandoned the
requirement of solid, clear, convincing and irrefutable evidence to
prove fraud.  The general rule that fraud is not assumed only means
that he who claims it must prove it to a reasonable certainty, that

is, with a preponderance of evidence . . . ."). Thus, contrary to
the arguments advanced by the defendants and the jury instruction
given by the district court, Puerto Rico law requires that a party
alleging dolo establish its existence only by a preponderance of
the evidence.

The instruction given by the district court, which seems
to blend the preponderance standard with the more stringent strong,
clear, and convincing standard, is actually more favorable to the
defendants than the instruction to which they were entitled. As a
result, we find any error to be harmless. See Putnam Res. v.
Pateman, 958 F.2d 448, 471 (1st Cir. 1992) (explaining that
application of the wrong standard of proof is reversible error only
if the variance "worked to the detriment of the losing party").

III.

The defendants also argue that the district court should
have granted their motion for judgment as a matter of law because
Portugues failed to meet his burden of proof on the dolo claim.
When reviewing a jury verdict, "[t]he verdict must be upheld unless
the facts and inferences, viewed in the light most favorable to the
verdict, point so strongly and overwhelmingly in favor of the
movant that a reasonable jury could not have returned the verdict."
Borges Colon v. Roman-Abreu, 438 F.3d 1, 14 (1st Cir. 2006)
(internal quotation marks omitted).

Under Puerto Rico law, dolo in the formation of a

-9-

contract is essentially fraud in the inducement, which exists when a party is "induced [by false statements] to execute a contract which . . . he [otherwise] would not have made."  31 L.P.R. § 3408; see also Lummus Co. v. Commw. Oil Ref. Co., 280 F.2d 915, 930 n.21 (1st Cir. 1960).  The party alleging such fraud must demonstrate: "(1) a false representation by the defendant; (2) the plaintiff's reasonable and foreseeable reliance thereon; (3) injury to the plaintiff as a result of the reliance; and (4) an intent to defraud." P.R. Electric Power Auth. v. Action Refund, 515 F.3d 57, 66 (1st Cir. 2008) (citing 31 L.P.R. § 3408).

The defendants argue that Portugues failed to demonstrate that his reliance on the representations of the defendants was reasonable.  The defendants cite the fact that, after entering the retainer agreement with Venable and making the $400,000 and $100,000 payments to Venable and Rekomdiv respectively, Portugues was told by Venable that a Victoria's Secret franchise was not available because Victoria's Secret did not "use a franchise or distributor model for any of its stores."  The defendants argue that, in light of this statement, a person with Portugues' education and business experience should have questioned the assurances made by the defendants.

The defendants' arguments are unavailing.  At least with respect to the Venable retainer agreement, the statements were made after the formation of the contract, and accordingly are not

-10-

relevant to a claim of dolo in the formation of the contract.[4]   In

any event, in the same e-mail stating that a franchise was

unavailable, Venable assured Portugues that it would explore other

ways "to present [Portugues] as a worthy business partner for

[Victoria's Secret] in Puerto Rico."   The statements made by

Venable to Portugues are not inconsistent with the expectation

that, even if a franchise was not available, some other form of

business relationship would be established between Portugues and

Victoria's Secret.   Additionally, Portugues testified that, during

this time period, the defendants continued to assure him that

obtaining the Victoria's Secret franchise was a "done deal."   The

question of whether Portugues reasonably relied on the

representations of the defendants turns on the weight to be

accorded to the evidence and the credibility of the witness

testimony.   When the evidence and testimony is viewed in the light

most favorable to the verdict, see Borges Colon, 438 F.3d at 14,

the evidence clearly supports a verdict favorable to Portugues.

IV.

        The defendants next argue that the district court

committed reversible error by precluding the defendants at trial

from introducing evidence of the settlement agreement between

--------

[4] See Acosta & Rodas, Inc. v. Puerto-Rican Am. Ins. Co.,
112 D.P.R. 583, 617, 12 P.R. Offic. Trans. 730 (P.R. 1982) (holding
that the court should consider "the circumstances prior and
contemporary to the . . . contract" when considering a dolo claim).

Portugues and Venable to support the arguments in favor of reducing the damages award. We review a district court's decision to admit or exclude evidence for abuse of discretion. <u>McDonough</u> v. <u>City of Quincy</u>, 452 F.3d 8, 19 (1st Cir. 2006).

Federal Rule of Evidence 408 prohibits the admission of evidence that a party has "accept[ed] a valuable consideration in compromising or attempting to compromise the claim" when such evidence is "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount." In other words, Rule 408 bars the admission of a settlement agreement to prove the validity or invalidity of a claim or its amount. <u>See</u> <u>McInnis</u> v. <u>A.M.F., Inc.</u>, 765 F.2d 240, 246 (1st Cir. 1985); <u>McHann</u> v. <u>Firestone Tire & Rubber Co.</u>, 713 F.2d 161, 166 (1st Cir. 1983). This prohibition applies equally to settlement agreements between a defendant and a third party and between a plaintiff and a third party. <u>McInnis</u>, 765 F.2d at 247. This is so because "[t]he admission of such evidence would discourage settlements in either case." <u>Id.</u>

In <u>McHann</u>, the district court admitted into evidence a settlement agreement between McHann and a third party. 713 F.2d at 165. The court informed the jury of the settlement amount and explained that, if the jury found "that this sum was full compensation for all damages which the plaintiff is legally entitled to recover, then [the jury] must return a verdict for the

-12-

defendant . . . since a person may only recover once for any particular injury." Id. This court vacated the judgment, noting that "the district court erred in allowing the [settlement] into evidence" because, "[u]nder Rule 408, a defendant cannot prove the invalidity or amount of a plaintiff's claim by proof of a plaintiff's settlement with a third person." Id. at 166 (internal quotation marks omitted). Instead of allowing the settlement into evidence, the court should have examined the settlement agreement itself and "deduct[ed] the amount that McHann ha[d] already received from any judgment." Id. at 166 n.10.

As previously explained by this court in McHann, Rule 408 clearly prohibits the admission of a settlement agreement at trial for the purpose of arguing a reduction in the damages award.  See 713 F.2d at 166.

V.

Though the district court properly excluded the settlement agreement at trial, we conclude that the district court erred by not considering the settlement agreement in connection with the defendants' post-trial motion for an offset of the damages award.  See McHann, 713 F.2d at 166.

Portugues himself recognizes in his brief on appeal that consideration by the court of the Venable settlement was a proper subject for a post-trial motion, but argues that the defendants failed properly to present the argument following the jury verdict.

We disagree.   In a post-trial motion, the defendants argued that the damages award should be offset by "the amount received by Plaintiff in the [settlement] with Venable."   Defendants Motion Under Rules 50(b), 59(a)(1), & 59(c) at 3, 4 Portugues-Santana v. Rekomdiv Int'l, No. 07-CV-01103 (D.P.R. May 26, 2010).   The defendants argued that, without an offset in the amount of the Venable settlement, Portugues "will collect twice for the same [claims]." Id. at 19, 21.

Based on McHann, the district court was required to determine post-trial whether the damages award should be offset by the amount of the Venable settlement.   See 713 F.2d at 166 n.10. The district court failed to do so.   We thus remand to the district court to determine whether the damages award should be offset by the amount of the settlement between Portugues and Venable.   We express no opinion as to whether an offset would, in fact, be required.

**Affirmed-in-part and remanded for further proceedings.**

No costs.