IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **VICTOR OMAR PORTUGUES-SANTANA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**REKOMDIV INT'L INC., et al.,**<br>**Defendants.** | **CIVIL NO. 07-1103 (GAG)** |

**ORDER**

The Court has considered the sole issue on remand in this case, to wit, whether the Venable-Bayh settlement should be offset from the jury verdict in this case. (See Docket No. 175.) The parties' briefs have been duly reviewed (Docket Nos. 182, 183 and 184). Having done so, the Court **DENIES** any request for offset of the jury verdict against defendants for the following reasons.

The jury in this case found that defendants engaged in dolous conduct. Damages were requested in the amount of $2,000,000.00. The jury instead awarded $ 625,000.00 (Docket No. 124). Such verdict is indeed plausible within the parameters of what was requested and could have been obtained.

The Court further notes that under Puerto Rico law, specifically P.R. Laws Ann. tit. 31, § 3514, upon a finding of dolo, the Court was obligated to order restitution separately. Plaintiff so requested (Docket No. 126), but the Court denied this request based on the assumption that the verdict totaled the sum of the amounts paid by plaintiff to Domingo and Rekomdiv ($225,000.00),

as well as to Venable and Bayh ($400,000.00).  This ruling, on hindsight, was error since restitution –an equitable remedy– and damages –a legal remedy– are two separate creatures of law.  This ruling, however was not appealed and remains the law of the case.

Given the distinction between legal and equitable remedies, the Court understands that it cannot offset the jury's damage award, by any amount received in the Venable settlement.  More so, in the Venable suit (Civil No. 07-1104 (GAG)), plaintiffs also sought damages for $2,000,000.00, plus restitution based on dolous conduct.  Even assuming that the claims should have been consolidated into one action capped by $2,000,000.00 in damages, plus equitable restitution of $625,000.00, the verdict in this case added to the settlement sum in the parallel case do not even come close to exceeding $2,000,000.00.  For purposes of this finding, the Court hereby orders plaintiff, via his representative Attorney Ralph Vallone, to submit the Venable-Bayh settlement agreement for ex parte in camera review **on December 29, 2011 at 10:00 am**.  The Court will then, for the record, certify this matter in a minute without divulging the details of the settlement.

Judgment as to this matter will be entered following said certification.

**SO ORDERED.**

In San Juan, Puerto Rico this 22nd day of December, 2011.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge